**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-1991

_____

UNITED STATES OF AMERICA

v.

KENNETH EUGENE CHERRY, JR., a/k/a KENNY,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-19-cr-00122-001)
District Judge: Honorable Harvey Bartle, III

_____

Submitted Under Third Circuit LAR 34.1(a)
April 11, 2022

Before: AMBRO, SCIRICA, and TRAXLER,* Circuit Judges

(Opinion Filed: April 22, 2022)

_____

OPINION**

_____

---

* The Honorable William Byrd Traxler, Jr., United States Senior Circuit Judge for the Court of Appeals for the Fourth Circuit, sitting by designation.

** This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

AMBRO, Circuit Judge

Kenneth Cherry, Jr., appeals a jury verdict convicting him of various firearms offenses. For the following reasons, we affirm.

I.

Cherry sold guns and ammunition to an acquaintance who, it turned out, was cooperating with the federal Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). After participating in many controlled buys, Cherry was arrested and charged with 27 gun-related offenses.

The Government's main fact witness at trial was ATF Special Agent Dominic Raguz. Counsel questioned Raguz over the course of four days and, as the lead investigator in this case, he testified on the substance of the ATF's investigation and the controlled buys from Cherry. For scheduling reasons, the District Court allowed the Government to interrupt Raguz's direct testimony several times to present other witnesses. Cherry's counsel did not object to these witnesses appearing out of order. Near the end of trial, and after he had completed his fact testimony, the Government recalled Raguz as an expert to testify on the operability of some of the guns sold by Cherry.

The jury found Cherry guilty of 24 offenses: one count of violating 18 U.S.C. § 922(a)(1)(A) (dealing in firearms without a license); 13 counts of violating 18 U.S.C. § 922(g)(1) (possession of a firearm by a felon); one count of violating 18 U.S.C. § 922(o) (possession and transfer of a machine gun); two counts of violating 26 U.S.C. § 5861(d) (possession of a firearm not registered in the National Firearms Registration and Transfer Record); and seven counts of violating 18 U.S.C. §§ 922(k) and 924(a)(1)(B) (possession

2

of a firearm with serial number removed, obliterated, or altered). Following the verdict, Cherry's counsel moved for acquittal on one felon-in-possession charge and a new trial on two more felon-in-possession charges. The Government agreed to withdraw all three disputed charges, and the District Court sentenced Cherry to 180 months' imprisonment on the remaining 21 offenses.

II.[1]

On appeal, Cherry alleges errors in the way the District Court conducted his trial. He submits that the interruptions in Raguz's direct testimony confused the jury, resulting in a questionable verdict, and that the presentation of Raguz as an expert witness at the end of trial caused jurors to give unwarranted credence to his prior fact testimony.

We would normally review a trial court's decisions regarding the order of witness testimony for abuse of discretion. *See Stich v. United States*, 730 F.2d 115, 117 (3d Cir. 1984). But because Cherry did not raise the above arguments at trial, our review is more constrained. We may correct an error alleged for the first time on appeal only if (1) there was in fact an error, (2) it was plain, and (3) it affected the defendant's substantial rights. *United States v. Fattah*, 914 F.3d 112, 172 (3d Cir. 2019). If all three prongs are met, we may in our discretion grant relief if we "conclude[] that the error had a serious effect on 'the fairness, integrity or public reputation of judicial proceedings.'" *Greer v. United States*, 141 S. Ct. 2090, 2096–97 (2021) (quoting *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018)).

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

3

We see no plain error in how the District Court managed Cherry's trial, let alone one that affected his substantial rights. To meet the latter requirement, Cherry had to show "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* at 2096 (quoting *Rosales-Mireles*, 138 S. Ct. at 1904–05). His only argument to this effect is that he was convicted on three felon-in-possession charges that the Government later agreed to withdraw, suggesting (he contends) that the jury was confused as to the evidence supporting each charged offense. This argument rests on the premise that there was insufficient evidence to convict him on the withdrawn charges—a premise the Government disputes and Cherry fails to substantiate. But even were we to accept it, he does not explain how the order of Raguz's testimony prevented the jury from making a finding beyond a reasonable doubt on the remaining counts. Cherry does not, for instance, suggest the evidence was insufficient to convict on these counts. Indeed, the evidence against him (consisting of testimony as to each controlled purchase corroborated by video, audio, and other evidence) was formidable, and it was not overly complex. Given what was before the jury, we are confident the outcome would have been the same even had Raguz's testimony been presented in a less fractured manner.[2]

In this context, we affirm.

---

[2] Cherry has filed a *pro se* motion asking that we take judicial notice of email conversations between him and his appellate counsel. We grant the motion, but his submission does not affect our conclusion as to his lack of entitlement for plain-error relief.

4